**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JANE DOE,

Plaintiff,

v.

WYNDHAM HOTEL & RESORTS, INC., et al.,

Defendants.

Case No. 1:25-cv-00026 JLT FJS

ORDER DENYING MOTIONS TO DISMISS

(Docs. 124, 129, 131)

Jane Doe, who is using a pseudonym to protect her privacy, alleges in this case that she was held captive by sex traffickers in various hotels in Fresno, California between 2010 and 2016. She is pursuing claims against the hotel owners, hotel operators, and brand name parent companies that are affiliated with the hotels where she was allegedly held, citing the civil liability provisions of the Trafficking Victims Protection Reauthorization Act (TVPRA). (*See* Doc. 121.) Three of the fourteen defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* Docs. 124, 129, 131.) After reviewing Doe's allegations and the parties' briefing, the Court finds that oral argument is not necessary. The complaint contains enough factual matter to make out plausible claims to relief against each of the moving defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The motions are therefore **DENIED**.

The parties are familiar with the allegations in Doe's first amended complaint and the relevant provisions of the TVPRA. In the interest of resolving the pending motions efficiently and without unnecessary delay, the Court has foregone a detailed review of those allegations and the law and has summarized its decision and reasoning only briefly.

First, some of the defendants contend that the complaint falls short because it does not say when Doe was confined in which hotel—and therefore does not show that her claims accrued within the statute of limitations. They have not demonstrated that it is "obvious on the face of the complaint" that Doe filed her claims after the ten-year statute of limitations had run. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Doe was not obligated to make preemptive allegations about the statute of limitations. *See id.* Omitting allegations related to an affirmative defense, such as a defense based on the statute of limitations, is not normally a failure that can justify dismissal under Rule 12(b)(6).[1] *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995). It would also be premature to decide now whether the statute of limitations should be tolled as a matter of equity. *See, e.g., J.M. v. Red Roof Franchising, LLC*, No. 24-03384, 2025 WL 2410941, at *8 (E.D. Cal. Aug. 20, 2025); *J.N.K. v. Red Roof Inns*, No. 24-00389, 2025 WL 772150, at *10 (S.D. Ohio Mar. 11, 2025). That decision is inherently factual, and in this case, as usual, it is better left for summary judgment or trial. *See, e.g.*, *Jane Doe No. 1 et al v. Daniel S. Fitzgerald*, No. 20-10713, 2022 WL 425016, at *4 (C.D. Cal. Jan. 6, 2022). The Court cannot say now whether the circumstances of Doe's captivity were so extraordinary as to foreclose any tolling, with only her complaint to consult. *See, e.g.*, *J.M.*, 2025 WL 2410941, at *8 (denying similar motion at the pleadings stage).

---

[1] Doe does not currently rely on a theory of accrual that some courts have described as a "discovery rule." *See, e.g.*, *Rotkiske v. Klemm*, 589 U.S. 8, 12 (2019). The Court has no need to decide whether she could rely on such a rule, and it does not reach that difficult issue. *Compare, e.g.*, *A.B. v. Interstate Mgmt. Co., LLC*, No. 23-00388-IM, 2025 WL 3254620, at *4–8 (D. Or. Nov. 21, 2025) (applying a discovery-rule theory of accrual) *with, e.g.*, *J.M. v. Red Roof Franchising, LLC*, No. 24-03384, 2025 WL 2410941, at *3 (E.D. Cal. Aug. 20, 2025) (declining to apply a discovery-rule theory of accrual).

By contrast, Doe does rely on a "continuing violation" theory of accrual. (*See, e.g.*, Doc. 128 at 25.) The defendants argue she cannot rely on this theory, as summarized above, but they do not argue that it is generally unavailable to plaintiffs who assert civil claims under the TVPRA. (*See* Doc. 134 at 6–7.) The Court does not reach that issue, either. *See, e.g.*, *K.L. v. Beverly Lodge*, No. 25-01763, 2026 WL 2185409, at *4–6 (E.D. Cal. July 29, 2026) (analyzing a split of authority).

Second, the defendants have not demonstrated that Doe's complaint falls short of making out a plausible claim of "perpetrator" liability. *See* 18 U.S.C. § 1591(a)(1) (imposing liability on anyone who "knowingly . . . recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . knowing . . . that means of force, threats of force, fraud, coercion . . . or any combination of such means will be used to cause the person to engage in a commercial sex act."). Her allegations are similar to those that other federal district courts have permitted to proceed through to discovery:

- Cash payments for room reservations without identification (*see, e.g.*, Doc. 121 ¶¶ 102, 114, 131, 138)
- Women and girls, who appeared to be drugged and malnourished, bearing visible injuries and wearing clothing that was inappropriate for the weather (*see, e.g.*, *id.*, ¶ 102, 129, 141, 191)
- Women and girls soliciting men for sex in the hotel lobby or parking lot (*see, e.g.*, *id.* ¶¶ 85–86, 102, 184, 195)
- Male guests without room reservations frequently coming and going at all hours (*see, e.g.*, *id.* ¶¶ 139, 195)
- Loud physical abuse and violence in the hotel (*see, e.g.*, *id.* ¶¶ 100, 114)
- Unusually large numbers of used condoms in hotel rooms (*see, e.g.*, *id.* ¶ 114)
- Unusual requests for large numbers of linens (*see, e.g.*, *id.* ¶ 110)
- Blood in rooms (*see, e.g.*, *id.* ¶¶ 196, 356)

Doe also alleges that some hotel employees, managers, and corporate representatives were familiar with the traffickers and their operation, were on friendly terms with the traffickers, and in some cases accepted sex as payment for favorable treatment or rooms. (*See, e.g.*, *id.* ¶¶ 94, 122.) These allegations suffice to imply that the defendants had the necessary knowledge or acted knowingly at this early stage of the litigation. *See, e.g.*, *Ricchio v. McLean*, 853 F.3d 553, 555 (1st Cir. 2017) (Souter, J., sitting by designation); *Doe v. Wyndham Hotels & Resorts*, No. 23-01676, 2025 WL 85831, at *14–15 (E.D. Cal. Jan. 7, 2025); *Doe* (*S.A.S.*) v. *ESA P Portfolio LLC*, No. 23-06038, 2024 WL 3276417, at *8–9, 12 (W.D. Wash. July 2, 2024); *J.M. v. Choice Hotels*

*Int'l, Inc.*, No. 22-00672, 2023 WL 3456619, at *2–3 (E.D. Cal. May 15, 2023); *B.J. v. G6 Hosp., LLC*, No. 22-03765, 2023 WL 6120682, at *6, 11 (N.D. Cal. Sept. 18, 2023).

Third, for similar reasons, the complaint includes factual allegations to support a claim of beneficiary or participant liability. *See* 18 U.S.C. 1595(a) (permitting civil claims against anyone who "knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of [the TVPRA]"); *see also, e.g.*, *Doe*, 2025 WL 85831, at *4–11 (applying this provision in a similar case); *J.M.*, 2023 WL 3456619, at *3–4 (same). Doe also makes allegations that could plausibly support an agency or vicarious theory of liability, such as that the brand owners controlled virtually every aspect of the local hotels' reservations management, payment processing, marketing, and so on. *See, e.g.*, *Doe*, 2025 WL 85831, at *11–13 (denying a motion to dismiss in the face of allegations like those in this case).

Some of the defendants urge the Court to reject many of Doe's allegations because, in their reading, these allegations are not "factual." (*See, e.g.*, Doc. 129-1 at 13–16.) It is true that courts do not assume that a plaintiff's legal conclusions are true when a defendant moves to dismiss for failure to state a claim. *See Iqbal*, 556 U.S. at 678. But the allegations in question here are the type of "factual matter" that a court must accept at face value for now, *id.* at 678, such as that the defendants were in a particular place, witnessed some specific event, or received reports of some specific activity (*see* Doc. 129-1 at 15).

Some of the defendants also argue that Doe cannot rely on the allegations she makes "on information and belief," and they contend that it would be wrong to assume that these allegations are true. (*See, e.g.*, Docs. 124-1 at 16; 129-1 at 16.) An allegation "upon information and belief" is, in less legalistic language, just an inference that the plaintiff spells out. *See Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1161 (9th Cir. 2022); *see also* 5 Charles A. Wright, et al., Fed. Prac. & Proc. § 1224 (4th ed. Apr. 2026 update). Inferences are an essential aspect of federal pleading. *See Twombly*, 550 U.S. at 556; *Gonzalez v. County of Merced*, No. 16-01682, 2017 WL 2345681, at *7 (E.D. Cal. May 30, 2017), *adopted in full*, 2017 WL 2812928 (E.D. Cal. June 29, 2017). Federal courts have accepted allegations "upon information and belief" for many years, both

before and after the Supreme Court's decisions in *Iqbal* and *Twombly*, provided that the plaintiffs either offer factual allegations to support their "belief" or explain that greater specifics are impossible to offer because the necessary information is solely within the defendants' custody or control. *See, e.g.*, *Waln*, 54 F.4th at 1161; *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010); *Langadinos v. Am. Airlines, Inc.*, 199 F.3d 68, 73 (1st Cir. 2000). It is appropriate to accept the inferences that Doe proposes here "on information and belief." *See, e.g.*, *Doe*, 2025 WL 85831, at *8 (ruling similarly in a similar case).

The motions to dismiss (Docs. 124, 129, 134) are therefore **DENIED**.

IT IS SO ORDERED.

Dated: _September 8, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE