UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WYNDHAM HOTEL & RESORTS, INC.; THANDI ENTERPRISES, L.L.C.; CAL TEX HOSPITALITY, L.L.C; METRO HOSPITALITY SERVICES, INC.; RED ROOF INNS, INC.; OCEANIC FRESNO, L.P.; VAGABOND INN CORPORATION; BOOTA SINGH CHAHIL, as an individual trustee of CHAHIL FAMILY TRUST; KULDIP KAUR CHAHIL, as an individual trustee of CHAHIL FAMILY TRUST; KANTILAL B. PATEL, as an individual trustee of PATEL K B & I K LIVING TRUST; INDIRABEN K. PATEL, as an individual trustee of PATEL K B & I K LIVING TRUST; MADHUBEN K. PATEL, an individual; JAGRATI D. BHAKTA, an individual; ROGER BHAKTA, an individual; and ROES 1-200, inclusive,<br><br>Defendants. | Case No. 1:25-cv-00026-JLT-FJS<br><br>ORDER RE: STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 142) |

Plaintiff Jane Doe, Defendant Wyndham Hotel & Resorts, Inc., Defendant Thandi Enterprises, LLC, Defendant Red Roof Inns, Inc., Defendant Vagabond Inn Corporation, Defendant Madhuben Kantilal Patel, Defendant Jagrati D. Bhakta, Defendant Roger Bhakta and

Dhaka Hoteliers, LLC, (collectively the "Parties") agree that discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

Accordingly, the Parties stipulate and agree, subject to approval of the Court, to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order is consistent with Fed. R. Civ. P. 26 and LCR 26(c). That Parties acknowledge and agree that it does not confer blanket protection on all disclosures or responses to discovery; and the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file Confidential Information under seal.

1. PURPOSES AND LIMITATIONS

1.1 Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.

1.2 As used in this Stipulated Protective Order, the following definitions shall apply:

(a) "Action" means *Jane Doe v. Wyndham Hotel & Resorts, Inc.; et al*., Case No. 1:25-cv-00026-JLT-FJS presently pending in the Eastern District of California.

(b) "Party" means any party named in this Action that has not been dismissed as of the date of this Order.

(c) "Non-Party" means any natural person, partnership, corporation, association, or the legal entity who is not a Party in this Action.

(d) "Counsel of Record" means any attorney representing a Party.

(e) "Plaintiff's Identity" means Plaintiff's personally identifiable information, including: [1] names and aliases used by Plaintiff at any time; [2] Plaintiff's date of birth; [3] Plaintiff's social security number; [4] Plaintiff's current and prior residential addresses; [5] Plaintiff's personal and home phone numbers and social media or online user accounts; [6] Plaintiff's physical description, including weight, height, hair color, eye color, ethnicity, tattoos, and piercings; [7] videos, photographs, or other depictions of Plaintiff; and [8] the names of Plaintiff's parents, siblings, children, and spouse, if any.

(f) "Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things reflecting: [1] potentially sensitive personal identifying or financial information of Non-Party trafficking survivor witnesses, including but not limited to, names, dates of birth, social security numbers, phone numbers, employment histories, or credit card information, videos, photographs, and social media; [2] any proprietary confidential information, or confidential research, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure; and [3] any material prohibited from disclosure by statute or Court Order but is nonetheless discoverable. "Confidential Information" does not include "Highly Confidential Information" or "Plaintiff's Identity" which are separately addressed in Sections 3 and 4, respectively.

(g) "Highly Confidential Information" means Discovery Material (regardless of how it is generated, stored or maintained) or tangible things that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains any trade secret, competitively sensitive confidential proprietary information, or competitively sensitive information that has been maintained as non-public or confidential.

(h) "Designating Party" means a Party or Non-Party that designates and marks information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(i) "Receiving Party" refers to a Party or Non-Party to which information or items containing Confidential Information or Highly Confidential Information that has been produced by a Designating Party.

(j) "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated by the Designating Party in connection with discovery in this case.

(k) "Outside Counsel" means attorneys who are not employees of a Party but are retained to represent or advise a Party to the Action, and persons who are employees, partners, or shareholders of a law firm that represents or has appeared on behalf of a Party in

this action.

(l) "In-House Counsel" means Attorneys and their support staff who are employees of a Party.

(m) "Counsel" (without qualifier) means Outside Counsel and In-House Counsel (as well as their support staffs).

(n) "Final Disposition" means the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(o) "Producing Party" means any Party or Non-Party that discloses or produces any Discovery Material in this case.

(p) "Expert" means a person with specialized knowledge or experience in a matter pertinent to this lawsuit and his or her employees, or staff, who has been retained by a Party or their Counsel to serve as an expert witness or consultant in this Action.

(q) "Professional Vendors" means persons or entities that provide litigation support services (*e.g., document and ESI processing, hosting, review and production, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium*) and their employees or subcontractors.

(r) "Protected Material" means any Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as provided for in this Stipulated Protective Order.

2. SCOPE

2.1 The protections conferred by this Stipulated Protective Order cover not only Plaintiff's Identity and Protected Material (as defined above), but also [1] any information copied or extracted from Protected Material; [2] all copies, excerpts, summaries, or compilations of Confidential Information and Protected Material; and [3] any testimony, conversations, or presentations by Parties or their Counsel that may reveal Protected Material or Plaintiff's

Identity.

2.2 The protections conferred by this Stipulated Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise. Nothing in this Agreement shall be construed to allow Defendants to disclose Plaintiff's Identity publicly as it relates to this lawsuit, except as specifically allowed herein or subsequently ordered.

2.3 This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional or less restrictive protection of any Discovery Material or to modify this Stipulated Protective Order in any way, including, without limitation, an order that certain materials not be produced at all.

2.4 To the extent a Designating Party provides Plaintiff's Identity and/or Protected Material under the terms of this Stipulated Protective Order to the Receiving Party, the Receiving Party shall not share that material with any Non-Party, absent express written permission from the Designating Party, unless in conformance with this Stipulated Protective Order.

2.5 To the extent a Party independently learns, obtains, or acquires Plaintiff's Identity, such information is subject to the terms of this Stipulated Protective Order and the Party shall not share that information with any Non-Party, absent express written permission from Plaintiff, unless in conformance with this Stipulated Protective Order.

2.6 Not later than ninety (90) days after the Final Disposition of this case, each Receiving Party shall destroy all Protected Material received in the course of this Action. Notwithstanding the foregoing, Counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, Expert reports, results of investigations, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Protective Order with respect to all such retained information. Further, the Party or Parties receiving the Protected Material shall keep their attorney work product which refers or relates to any Protected Material.

3. <u>ACCESS TO AND USE OF PROTECTED MATERIAL, AND FILING PROTECTED</u>

MATERIAL

3.1 Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Protected Material and Plaintiff's Identity must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3.2 All Protected Material shall be used solely for the purposes of the Action. Nothing herein shall restrict the use of Protected Material by the Producing Party. Protected Material produced by Defendants shall not be shared with any litigation funding organization.

3.3 Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Confidential Information to:

(a) Any of the Receiving Party's Counsel of Record in this Action, including their employees;

(b) Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) The Parties, as defined in Section 1.2(b), who are bound by this Order, including current owners, current officers, current directors, and current employees (including In-House Counsel), and agents and/or representatives of any of the foregoing necessary to litigate any claims or defenses (but only to the extent that such individuals are not alleged to be traffickers);

(d) Former officers, directors, and employees (including In-House Counsel) of the Receiving Party who have signed the Acknowledgement and Agreement to Be Bound (hereinafter "Exhibit A");

(e) Experts, investigators, contractors, or consultants to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(f) The Court and court personnel;

(g) Court reporters, recorders, and videographers engaged for depositions;

(h) Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to

immediately return all originals and copies of any Confidential Information;

(i) During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Confidential Information so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Confidential Information upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(k) Insurers for any of the Parties, third party administrators of the Insurers or Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute; and

(l) Such other persons as hereafter may be designated by written agreement of all partes in this Action or by order of the Court and who execute Exhibit A.

3.4 Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose Highly Confidential Information to:

(a) Any of the Receiving Party's Counsel of Record in this Action, including their employees;

(b) Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) Experts, investigators, contractors, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed Exhibit A;

(d) The Court and court personnel;

(e) Court reporters, recorders, and videographers engaged for depositions;

(f) Professional Vendors retained by the Parties, their Counsel of Record,

or Outside Counsel, provided that the Professional Vendor executes Exhibit A and is instructed to immediately return all originals and copies of any Highly Confidential Information;

(g) Past or current employees of the Designating Party that execute Exhibit A;

(h) The author or recipient of a document containing the Highly Confidential Information, or a custodian or other person who otherwise possessed or knew the Highly Confidential Information, including but not limited to past or current employees of the Designating Party and any 30(b)(6) witnesses designated by the Designating Party;

(i) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(j) During a Non-Party deposition, any Non-Party deponent, and the Non-Party deponent's counsel, if any, may be shown Highly Confidential Information so long as the Non-Party deponent, and the Non-Party deponent's counsel, execute Exhibit A. Neither the Non-Party deponent nor the Non-Party deponent's counsel may retain any documents containing Highly Confidential Information upon termination of the deposition. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(k) Such other persons as hereafter may be designated by written agreement in this Action or by order of the Court and who execute Exhibit A.

3.5 Nothing herein shall be construed as permitting any Party or Non-Party to disclose or provide any Highly Confidential Information to the officers, directors, or employees (including In-House Counsel) of any Party or Non-Party, except those associated with the Designating Party that produced the Highly Confidential Information.

3.6 Filing Confidential Material. Before filing confidential material or discussing or referencing Protected Material in court filings, the filing Party shall confer with the Designating Party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the Designating Party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the Designating Party must identify the basis for sealing the specific Confidential Information or Highly Confidential Information at issue, and the filing Party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal. A Party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the Party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the

Court's files.

4. ACCESSING AND USE OF PLAINTIFF'S IDENTITY

4.1 During all proceedings in this litigation and in any public filings or statements, the Parties must either redact Plaintiff's Identity or use the pseudonym "Jane Doe" in place of Plaintiff's Identity.

4.2 Within three days of the entry the filing of this Order by the Court, Plaintiff shall provide Defendants, through their Counsel, with Plaintiff's full name, maiden name, alias names used at any time, birthday, address, trafficker(s)' names and known aliases, and trafficker(s)' associate(s)' names and known aliases. Nothing in this Order shall prevent any Party from seeking further protections or modification of this Order for the trial or litigation of this action. Nothing in this Order shall prevent a Party from requesting from Plaintiff during the course of discovery any other information that is linked or linkable to the true identity of Plaintiff or her trafficker(s) and associates, such as, but not limited to, any medical, educational, financial, employment, or other information. Relatedly, nothing in this Order

relieves any Party of the obligation to produce any discoverable documents or information that that Party intends to rely upon at trial.

4.3 Access to Plaintiff's Identity shall be limited to, and only to, the following:

(a) The Parties, as defined in Section 1.2(b), who are bound by this Order, including current owners, current officers, current directors, and current employees (including In-House Counsel), and agents and/or representatives of any of the foregoing necessary to litigate any claims or defenses (but only to the extent that such individuals are not alleged to be traffickers);

(b) Any Counsel of Record for the Parties who are bound by this Order and retained specifically for this Action, and employees, agents, and representatives of Counsel of Record as needed to litigate any claims or defenses;

(c) Law enforcement agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses and only after such agencies are made aware of this Stipulated Protective Order;

(d) Former employees (including In-House Counsel), officers, contractors, and representatives of the Parties will have access to Plaintiff's name, date of birth, and photographs only, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action and who execute Exhibit A;

(e) Any witness, except Non-Party traffickers of Plaintiff and the Non-Party traffickers' associates, who Counsel of Record for a Party in good faith believes may be called to testify at trial or deposition in this action will have access to Plaintiff's name and photographs only;

(f) Any mediator appointed by the Court or jointly selected by the Parties who executes Exhibit A;

(g) Insurers for any of the Parties, third-party administrators for the Insurers or Parties, or indemnitors for any of the Parties, including coverage counsel for the insurers, who have or may provide indemnity or other coverage in connection with the claims asserted in this dispute;

(l) The Court and Court personnel;

(m) Court reporters, recorders, and videographers engaged for depositions;

(n) Any custodian of records whom a Party reasonably believes has records related to Plaintiff that are likely to be relevant and admissible in this case but only to the extent that the disclosure will not result in public records created that will identify Plaintiff as the Plaintiff in this case;

(k) Any Expert, consultant, or investigator retained by the Parties, their Counsel of Record, or Outside Counsel specifically in connection with this Action and who have executed Exhibit A;

(l) Professional Vendors retained by the Parties, their Counsel of Record, or Outside Counsel, provided that the Professional Vendor executes Exhibit A;

(o) Government agencies and agency personnel, but only after such agency is made aware of this Order and to the extent that the disclosure of Plaintiff's Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements and only to the extent that the disclosure will not result in public records created that will identify Plaintiff as the Plaintiff in this case; and

(p) Such other persons as hereafter may be designated by written agreement of all Parties in this Action or by order of the Court and who execute Exhibit A.

4.4 As used herein, "traffickers" shall not include Defendants' employees and agents whose actions may meet the definition of trafficking. Only Plaintiff's identifying name(s) and/or photographs of Plaintiff may be disclosed to Plaintiff's alleged trafficker(s) and his or her counsel, and only to the extent it is necessary, i.e., that Plaintiff's Identity will assist the alleged trafficker(s) in recalling, relating, or explaining facts or in testifying. Such disclosure shall only take place if the procedures herein are followed and the disclosure is permitted by separate Court order, as outlined in the Subparagraph below (Section 4.5).

4.5 Defendants may not disclose Plaintiff's Identity to the alleged traffickers and their associates without prior Court approval. To obtain Court approval, Defendants will file a motion with the Court, in which Defendants: (1) describe with reasonable specificity the nature of the

information sought from the alleged trafficker(s) or their associate(s); (2) identify by initials only the trafficker(s) or their associate(s) from whom information is sought;[1] (3) explain why the information is sought from the alleged trafficker(s) or their associate(s) as opposed to some other source; (4) identify any alternative means available to get the information; (5) identify any and all attempts to get the information from other sources; and (6) explain the necessity of disclosing Plaintiff's identity to the alleged trafficker(s) or their associate(s). Fourteen days after Defendants file and serve their motion, Plaintiff may file a response that identifies: (1) any specific concerns with or objections to Defendants' request; (2) evidence demonstrating how and why Defendants' proposed disclosure of Plaintiff's Identity poses a risk of harm to Plaintiff and/or her family; and (3) any reasonable restrictions the Court should place on the disclosure of Plaintiff's Identity. The Court will then evaluate the application and provide its ruling. Should the Court grant Defendants' application, Defendants shall provide Plaintiff with at least fourteen (14) days advance notice of the contact and where the contact will occur.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

5.2 Mass, indiscriminate, or routinized designations are strictly prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may result in sanctions against

---

[1] 1 Defendants maintain that the names of Plaintiff's alleged trafficker(s) and their associate(s) are not subject to protection. However, in deference to Plaintiff's request and to avoid the need to file any such motions under seal, Defendants will refer to these individuals by their initials only in any filings submitted to the Court.

the Designating Party.

5.3 If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.4 Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, disclosure or documents and things that qualify for protection under this Stipulated Protective Order must be clearly designated before or when the materials is disclosed or produced.

(a) For information produced in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains such material. Documents produced in native electronic format (such as Microsoft Excel files) shall have a confidentiality designation affixed to the file name of the document. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) unless such designations would be disproportional to the needs of the case, in which case, the Parties may meet and confer with respect to such designations.

(b) Regarding testimony given in a deposition or in other pretrial proceedings, the Parties and any participating Non-Parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any Party or Non-Party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If a Party or Non-Party desires to protect Confidential Information or Highly Confidential Information at trial, the issue should be addressed during the pre-trial conference.

(c) When producing other tangible items, the Producing Party must affix in

a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.5 If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING PROTECTED MATERIAL DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Form of Challenge</u>. Any challenge to a designation of the Designating Party's Protected Material shall be written and identify, with particularity, the documents or information that the Receiving Party contends should be differently designated. It shall also state the grounds for the challenge.

6.3 <u>Meet and Confer</u>. The Parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without

court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions. All Parties shall continue to maintain the material in question as confidential until the Court rules on the challenge, or until the Designating Party fails to file a Motion to Retain Confidentiality within sixty (60) days of a written challenge being served upon them.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

7.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "PLAINTIFF'S IDENTITY," the subpoenaed or otherwise ordered Party must:

(a) Redact Plaintiff's Identity or use the pseudonym "Jane Doe" in place of Plaintiff's Identity;

(b) Promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(c) Promptly notify in writing the Party or Non-Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(d) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information or Highly Confidential Information may be affected.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material or Plaintiff's Identity to any person or in any circumstance not

authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures; (2) use its best efforts to retrieve all unauthorized copies of the Protected Material and/or identifying information; (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (4) request that such person or persons execute Exhibit A.

9. <u>IN ADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

9.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. Section 11 below, sets forth a non-waiver provision in accordance with Fed. R. Evid. 502(d).

9.2 Upon discovery of an inadvertent disclosure, the Producing Party has thirty (30) days to notify the Receiving Parties of that discovery, in writing, asserting attorney-client privilege, work product protection, or other applicable privilege or protection with respect to the inadvertently disclosed materials.

9.3 The Receiving Parties must, unless they contest the claim or privilege or protection in accordance with this Stipulated Protective Order, do the following: [1] return, delete, or destroy all copies of the inadvertently disclosed material(s); and [2] provide a certification that all materials were destroyed or returned.

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

10.1 Within 60 days after the termination of this Action, including all appeals, each Receiving Party must return all confidential material to the Producing Party, including all copies, extracts and summaries thereof. Alternatively, the Parties may agree upon appropriate methods of destruction.

10.2 Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, Expert reports, attorney work product, and consultant and Expert work product, even if such materials contain confidential material.

10.3 The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

11. NON-WAIVER AND RULE 502

11.1 Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the Producing Party.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**PRESENTED BY:**

**SINGLETON SCHREIBER**

Dated: 8-12-2026

*/s/ Meagan Verschueren*____________________
Meagan Verschueren, Esq.
Katie Llamas, Esq.
Attorneys for Plaintiff Jane Doe

**DLA PIPER LLP**

Dated: 8-14-2026

*/s/ Susan N. Acquista*______________________
Melissa A. Reinckens, Esq.
Susan N. Acquista, Esq.
David S. Sager, Esq.
Attorneys for Defendant Wyndham Hotels & Resorts, Inc.

**TUCKER ELLIS LLP**

Dated: 8-27-2026

*/s/ Amanda Villalobos*_____________________
Amanda Villalobos, Esq.
Nicholas V. Janizeh, Esq.
Chelsea R. Mikula, Esq.
Attorneys for Defendant Red Roof Inns, Inc

**SCHUERING & DOYLE LLP**

Dated: 8-26-2026

*/s/ Chad C. Couchot*__________________
Keith D. Chidlaw, Esq.
Chad C. Couchot, Esq.
Richard Jacob Paikoff, Esq.
Attorneys for Defendant Vagabond Inn Corporation

**WHELAN LAW GROUP**
**FREEMAN MATHIS & GARY LLP**

Dated: 7-29-2026

*/s/ Nick O'Brien-Kovari*_____________________
Brian Whelan, Esq.
Nick O'Brien-Kovari, Esq.
Sharon C. Collier, Esq.
Attorneys for Defendant Thandi Enterprises LLC

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Dated: 8-27-2026

*/s/ Spencer Kelly*_________________________
Spencer Kelly, Esq.
Brandon Ramcharan, Esq.

Attorneys for Defendants Roger Bhakta and Jagrati Bhakta

**WOLFE & WYMAN LLP**

Dated: 9-1-2026

_/s/ Jessica B. Coffield_________________________
Jessica B. Coffield, Esq.
Attorney for Defendant Madhuben Kantilal Patel

**GORDON REES SCULLY MANSUKHANI, LLP**
**GORDON REES, LLP**

Dated: 7-30-2026

/s/ Arianna Eguiluz _____________________
Arianna Eguiluz, Esq.
Keith Cramer, Esq.
Attorneys for Defendant/Cross-Defendant
OCEANIC FRESNO, L.P.

**HALL GRIFFIN LLP**

Dated: 9-2-2026

_/s/ Eric V. Anderton ________________________
Eric V. Anderton, Esq.
Stephanie M. Stringer, Esq.
Attorneys for Defendant Dhaka Hoteliers, LLC

ORDER

Pursuant to the parties' above stipulation for protective order entered into on September 2, 2026:

IT IS SO ORDERED.

Dated: **September 10, 2026**

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ________________________________ [print or type full name], of ________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of Jane Doe v. Wyndham Hotel & Resorts, Inc., et al., Case No. 1:25-cv-00026-JLT-FJS. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this Action.

Date: ______________

______________________________
Printed Name

______________________________
Signature

______________________________
City and State where sworn and signed